## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ROSEN TECHNOLOGIES LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Case No. 2:23-cv-00033-JRG-RSP |
| ECOBEE TECHNOLOGIES ULC, | § § § | |
| *Defendant.* | § § § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.     Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

        in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a)     provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i.     If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

        infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

A. Written Discovery

   a. Plaintiff may serve up to twenty-five (25) interrogatories to Defendant. Defendant may serve up to twenty-five (25) interrogatories to Plaintiff.

   b. Plaintiff may serve up to twenty-five (25) requests for admission to Defendant. Defendant may serve up to twenty-five (25) requests for admission to Plaintiff.

   c. Notwithstanding the foregoing, each party may also serve twenty-five (25) requests for admission that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, and/or (c) whether a document qualifies as a printed publication under 35 U.S.C. § 102, or the date(s) of publication or public use/availability of documents and things. Any requests for admission listed in points (a)-(c) shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations above.

B. Fact Depositions of Parties and Non-Parties

   a. The total number of non-expert deposition hours taken by each side, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions shall not exceed forty-five (45) hours. Each deposition of Plaintiff or Defendant shall count for at least four (4) hours regardless of the length of the deposition or whether it is taken through an interpreter.

   b. If a party witness is duly noticed as both a Rule 30(b)(6) witness and a 30(b)(1) witness, that deposition shall count both as a Rule 30(b)(6) deposition and a 30(b)(1) deposition, and any such depositions will be conducted concurrently

and/or consecutively. A party may designate more than one person to testify pursuant to Rule 30(b)(6).

  c. Absent a showing of good cause, each deposition will be limited to no more than 1 day of 7 hours on the record, unless otherwise agreed to in writing by the parties prior to such deposition taking place.

  d. The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court.

C. Expert Depositions

  a. The deposition of any expert witness testifying in his capacity as an expert shall be limited to seven (7) hours per expert report. For example, an expert providing reports regarding infringement and validity may be deposed for fourteen (14) hours. Experts shall not be deposed for more than seven (7) hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties.

D. Representative Products: The parties shall discuss in good faith the feasibility of a stipulation as to representative products in order to streamline the case for discovery and trial. No party shall argue that this provision constitutes an agreement or finding that a stipulation regarding representative products is necessarily appropriate or feasible in this particular case.

As used herein, "side" means a party or a group of parties with a common interest.  Any party may later move to modify these limitations for good cause.

**6.** **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket

Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    (d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

  A. Discovery of Expert Materials

    a. The Parties agree to the limitations of Federal Rule of Civil Procedure 26 with regard to the discovery of expert materials. To the extent not already covered by Federal Rule of Civil Procedure 26, the Parties further agree to the following limitations regarding the discovery of expert materials.

b. No conversations or communications between or including any Party or its counsel and any testifying or non-testifying expert, or between or including any testifying expert and any non-testifying expert, including emails, written agreements, or correspondence, and notes or outlines pertaining thereto, whether drafted or occurring in connection with this Action or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO), will be subject to discovery or examination at any deposition, hearing, or trial unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report or any opinion in this Action.

c. All materials generated by any testifying expert in connection with this Action are exempt from discovery, unless relied upon by a testifying expert in formulating his or her final report or any opinion in this Action, or unless relied upon by an expert at his or her deposition. Testifying experts shall not be subject to discovery or examination at any deposition, hearing, or trial on any draft of their expert reports, draft declarations, and draft affidavits, nor notes or outlines pertaining thereto, whether drafted in connection with this Action or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO).

d. Discovery of materials provided to testifying experts, whether provided in connection with this Action or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO), shall be limited to those materials, facts, non-testifying expert opinions,

      and other matters actually relied upon by a testifying expert in formulating his or her final report or any opinion in this Action.

    e. Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the work or opinions of a non-testifying expert in formulating his or her final report or any opinion in this Action.  Where a testifying expert is relying on the work or opinions of a non-testifying expert, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts, but discovery shall be limited to the information provided to the testifying expert that the testifying expert is relying on in formulating his or her final report or any opinion in this Action and the basis for such information.

B. The parties may serve documents (both filings and non-filings) by email, or if too voluminous, by FTP or other file transfer service.

C. Production of ESI: Compliance with the Court's disclosure obligations shall include e-mail or other forms of electronic correspondence only to the extent necessary to sufficiently meet those obligations. The parties shall propose a separate order providing stipulations regarding production of electronically stored data, including e-mails.

D. Notwithstanding the provisions of Paragraph 6, the parties agree that privilege logs need not be exchanged. However, in the event a dispute arises where a party believes that the production of a privilege log limited in scope may be appropriate, the parties agree to meet and confer in good faith regarding the propriety and scope of such a privilege log. No party is required to log privileged or work-product materials dated after the filing date of the complaint in this case (January 27, 2023).

  E. A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party within three (3) business days. A party who receives documents from a third party pursuant to a subpoena will promptly reproduce those documents to the other party.

  F. Inadvertent Production: Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may request destruction of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall destroy all copies of such documents, information or other material to the producing Party. This Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently produced material subject to the attorney-client privilege or work product immunity is not a waiver.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's websiteat http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance

of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 14th day of June, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE